**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
(Fort Lauderdale Division)**

FRANCE GRIMSLEY,

    Plaintiff,

v.

NATIONAL SPECIALTY INSURANCE
COMPANY,

    Defendant.
_____ /

Removed from Circuit Court
of Broward County, Florida
Case No.: CACE-21-004420

## DEFENDANT'S NOTICE OF REMOVAL

Defendant National Specialty Insurance Company, by and through its undersigned counsel, hereby gives notice pursuant to 28 U.S.C. § 1441 *et seq*., of the removal of this action from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, bearing Case Number CACE-21-004420, to the United States District Court for the Southern District of Florida (Fort Lauderdale Division) based on the following:

1. On or about June 21, 2021, Plaintiff filed his Amended Complaint against Defendant in the Circuit Court of Broward County, Florida. *See Complaint, attached hereto as "Exhibit A."*

2. Plaintiff alleges Defendant issued an insurance policy in favor of its insured, Plaintiff, for property located at 7420 NW 9th Street, Plantation, Florida, which is within Broward County, Florida. *Id.* at ¶¶ 3-4.

3. Plaintiff alleges that the property suffered a loss on or about November 8, 2020, as a result of Tropical Storm Eta and that Defendant has failed to pay for Plaintiff's loss as required by the insurance policy. *Id.* at ¶¶ 5-6.

4. Plaintiff alleges the amount in controversy exceeds Thirty Thousand Dollars ($30,000.00), exclusive of attorneys' fees and costs, sufficient to invoke jurisdiction in the circuit court, the highest trial court in the Florida state court. *Id.* at ¶ 1.

5. Plaintiff's Complaint is silent as to the citizenship of the parties, noting only that Plaintiff is a "resident" of Broward County, Florida, and that Defendant is an insurance company doing business in Broward County, Florida. *Id.* at ¶¶ 2-3.

6. On June 7, 2021, undersigned counsel served Defendant's initial discovery requests to Plaintiff, including its First Request for Admissions.

7. On July 7, 2021, Plaintiff's counsel made a confidential settlement demand, via email, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00). In support of Plaintiff's demand, Plaintiff's counsel attached to the demand email an itemized repair estimate prepared by Claim Preparation Experts. The total amount of the itemized repair estimate is One Hundred Fourteen Thousand Thirty-Five Dollars and 54/100 ($114,035.54). *See Repair Estimate attached hereto as Exhibit "B."*

8. On July 19, 2021, Plaintiff filed his written responses to Defendant's First Request for Admissions.

9. In response to Defendant's First Request for Admissions requesting information pertaining to Plaintiff's citizenship and the amount of damages sought in this action, Plaintiff admitted that he is a citizen of Florida, and further admitted that the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), sufficient for federal jurisdiction. *See Exhibit C, Plaintiff's Response to Defendant's Request for Admissions.*

10. 28 U.S.C. § 1332(a)(1) provides the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of Seventy-Five

Thousand Dollars ($75,000.00), exclusive of interest and costs, and is between citizens of different States.

11. 28 U.S.C. § 1332(c)(1) provides, in pertinent part, that a corporation shall be deemed a citizen of any state in which it has been incorporated, and of the state where it has its principal place of business.

12. 28 U.S.C. § 1441(a) provides, in pertinent part, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

13. Plaintiff's claim for damages concerns in amount-in-controversy greater than Seventy-Five Thousand Dollars ($75,000.00), exclusive of interests and costs. *See Exhibit B, Plaintiff's Repair Estimate and Exhibit C, Plaintiff's Response to Defendant's Request for Admissions.*

14. Plaintiff is a citizen of, and domiciled in, the State of Florida. *See Exhibit C, Plaintiff's Responses to Defendant's Request for Admissions.*

15. Defendant is a Texas corporation with its principal place of business in Bedford, Texas.

16. Based on the foregoing, this matter is subject to the original jurisdiction of the Court under 28 U.S.C. § 1332, and this cause may be removed to this Court, pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446.

17. In this case, the body of the Complaint alleges damages greater than Thirty Thousand Dollars ($30,000.00), insufficient to remove this action under 28 U.S.C. § 1446(b)(1). *See Exhibit A* at ¶ 1.

18. However, Plaintiff's settlement demand and responses to Defendant's First Request for Admissions constitute an "other paper" supporting jurisdiction under 28 U.S.C. § 1446(b)(3). As stated by the Court in *Griffith v. Wal-Mart Stores E., L.P.*, 884 F. Supp. 2d 1218, 1223-24 (N.D. Ala. 2012):

> The removal procedure statute, 28 U.S.C. § 1446, contemplates two ways that a case may be removed based on diversity jurisdiction. The first way (formerly referred to as "first paragraph removals") involves civil cases where the jurisdictional grounds for removal are apparent on the face of the initial pleadings. See 28 U.S.C. § 1446(b)(1) (2012). The second way (formerly referred to as "second paragraph removals") contemplates removal where the jurisdictional grounds later become apparent through the defendant's receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3) (2012) (emphasis added). The recently revised version of the removal procedure statute expressly clarifies that **discovery responses**, such as those presented by Wal-Mart in the instant case, **can constitute "other paper" from which diversity jurisdiction can be established**. Id. § 1446(c)(3)(A) (2012) ("If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), **information … in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)**.")

(Emphasis added).

19. A complete copy of all process, pleadings, and orders in the Circuit Court of Broward County, Florida in Case No. CACE-21-004420, as required by 28 U.S.C. § 1446(a) is attached hereto as "*Exhibit D"* Index of Record.

19. In compliance with 28, U.S.C. § 1446(a), counsel for Defendant has also provided a written Notice of Removal to the Circuit Court of Broward County, Florida, a copy of which is attached to this Notice of Removal as "*Exhibit E*".

4

WHEREFORE Defendant National Specialty Insurance Company respectfully requests that the above-captioned lawsuit be removed to the United States District Court for the Southern District of Florida (Fort Lauderdale Division).

Date: August 6, 2021

Respectfully submitted,

By: /s/ Erica A. Gonsalves
Erica A. Gonsalves, Esq. (125538)
Brian P. Henry, Esq. (0089069)
ROLFES HENRY CO., LPA
110 SE 6th Street, Suite 1440
Fort Lauderdale, Florida 33301
T: (954) 530-5601
F: (954) 530-5291
E: egonsalves@rolfeshenry.com
E: bhenry@rolfeshenry.com
E: jfurst@rolfeshenry.com

*Attorneys for Defendant*
*National Specialty Insurance Company*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and accurate copy of the foregoing has been electronically filed with the Clerk of the Courts by using the ECF system, which will send a notice of electronic filing to all parties of record, this 6th day of August, 2021; I further certify that upon notification from the Clerk of the Court, a copy of the foregoing will be forwarded via U.S. Mail if a party is a non-ECF participant:

Amir Cyrus, Esq.
Peter Mineo, Jr., Esq.
THE MINEO SALCEDO LAW FIRM, PA
5600 Davie Boulevard
Davie, Florida  33314
T: 954-463-8100
T: 954-463-8106
E: Service@mineolaw.com

*Attorneys for Plaintiff*

                                      */s/ Erica A. Gonsalves*
                                      Erica A. Gonsalves, Esq.